CAMILLE M. and SHIZUKO BERNARDEAU, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Bernardeau v. Commissioner
Docket No. 2025-80.
United States Tax Court
T.C. Memo 1981-584; 1981 Tax Ct. Memo LEXIS 157; 42 T.C.M. (CCH) 1370; T.C.M. (RIA) 81584; October 7, 1981. Camille M. Bernardeau, pro se. J. Robert Cuatto, for the respondent. PARKER
MEMORANDUM FINDINGS OF FACT AND OPINION PARKER, Judge: Respondent determined a deficiency of $ 2,413 in petitoners' 1976 Federal income tax. The sole issue for decision is whether petitioners are entitled to a deduction for charitable contributions under section 170. [1]
FINDINGS OF FACT Some of the facts have been stipulated. The stipulation of facts and the exhibits attached thereto are incorporated herein by this reference. Petitioners, husband and wife, resided in Garden Grove, California, when they filed their petition in this case. They filed a timely joint Federal income tax return for 1976. They subsequently filed an amended Federal income tax return (Form 1040X) for 1976, *159 claiming charitable contributions and seeking a refund of $ 2,413. Petitioner Camille M. Bernardeau was employed by International Business Machines Corporation (IBM) during 1976. During the first three months of 1976, petitioner's place of employment and residence was Okinawa. Petitioners moved from Okinawa in March 1976, because of the change of possession of Okinawa form the United States to Japan. Petitioners allege that when they left Okinawa, they gave certain items to Christ the King Church School, a qualified organization under section 501(a). Petitioners estimated the values of the items given to the school and listed them on the back of a 1976 calendar and on their amended return as follows: 1. Boat Parts
$ 2,900
2. Used Auto
3,200
3. Pickup
4,800
4. Tools
845
5. House furniture
300
6. Appliances
760
7. Diving Compressor
3,500
8. Kitchen Utensils
100
9. Boy School suits and
miscellaneous clothing
250
10. Miscellaneous
875
11. Beds
475
Total
$ 18,005
In addition petitioners claimed a cash contribution of $ 40, for COMMISSIONER a total charitable contribution in the amount of $ 18,045 on their amended tax return for *160 1976. Petitioners' adjusted gross income for 1976 was $ 22,314. Since section 170(b)(1) generally limits the amount of a charitable contribution deduction to 50 percent of the taxpayer's adjusted gross income, [2] petitioners claimed the maximum permissible deduction of $ 11,157. Many of the items petitoners owned in Okinawa could not be brought into the United States. They could not bring the two motor vehicles into the United States because they did not meet the United States safety requirements. Also their electrical appliances would be of no use to them in the United States because of the different voltage standards between Okinawa and the United States. Petitioners made attempts to sell some of the *161 items on the island before they left but were unsuccessful. No appraisals were made as to the value of the items given to the school. The values petitioners placed on these items were estimates based on the condition of the articles at the time of their donation. At trial, petitioners submitted an acknowledgment from Christ the King Church School thanking petitioners "for the many items you have given to the school…. The items given to the school will help many people." This acknowledgment was written on the report card of petitioners' son. OPINION The issue presented is whether petitioners are entitled to a deduction for charitable contributions in the amount of $ 11,157 for 1976. [3]
Section 170 allows a deduction for charitable contributions made during the taxable year. The amount of the contribution is generally limited to the fair market value of the property at the time of the contribution. Section 1.170A-1(c)(1), Income Tax Regs.
Section 170(a)(1) provides in part that a "charitable contribution shall be allowable as a deduction only *162 if verified under regulations prescribed by the Secretary…." These regulations provide that when an individual contributes property other than money and claims a deduction in excess of $ 200 he must provide information to substantiate the deduction. Section 1.170A-1(a)(2), Income Tax Regs. The information is required to be attached to the tax return and list the name and address of the donee, the date of the contribution, a description of the property, the manner of acquisition of the property, the fair market value of the property at the time of the donation, and the basis of the property. Section 170A-1(a)(2)(ii), Income Tax Regs. Petiioners did not comply with this requirement. Deductions are a matter of legislative grace, and the taxpayer has the burden of establishing that he is entitled to the claimed deductions. Welch v. Helvering,290 U.S. 111, 115 (1933); New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934). The evidence in this case is most unsatisfactory. However, we are satisfied that petitioners did donate property to Christ the King Church School. Using our discretion under the Cohan Rule but bearing heavily against *163 petitioners whose inexactitude is of their own making, we find that petitioners made charitable contributions of property of $ 500 in 1976. Cohan v. Commissioner, 39 F. 2d 540, 544 (2d Cir. 1930). Petitioners are entitled to a deduction in that amount. Decision will be entered under Rule 155. Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended and in effect during the taxable year here involved.↩
2. Section 170(b)(1)(A) limits the charitable contribution deduction for contributions for individuals to 50 percent of the taxpayer's contribution base for the taxable year. Section 170(b)(1)(F) [now 170(b)(1)(E)] defines "contribution base" as adjusted gross income computed without regard to any net operating loss carryback to the taxable year. Since petitoners did not have any net operating loss carryback, their contribution base equals their adjusted gross income.↩
3. Petitioners have not contested the other adjustments in the deficiency notice. We assume that they have been conceded.↩